## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LopezTalent Management LLC and Josanne Lopez,<br><br>Plaintiffs,<br><br>v.<br><br>Laura Coates,<br><br>Defendant. | Case No. 1:21-cv-02795 BMC<br><br><br>**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO FILE COMPLAINT UNDER SEAL** |

Defendant Laura Coates ("Coates") brings this emergency motion to request that the Court direct the Court Administrator to remove the Complaint in this action from the public record and file it under seal. Plaintiffs filed this action on May 18, 2021 without notice to Coates. In their Complaint, Plaintiffs disclose confidential information, including detailed and specific compensation information, regarding Coates' contracts with CNN, Sirius XM and a book publisher. Although Plaintiffs purport to be professional managers in the entertainment industry, they put this information into the public record with full knowledge that the information was the subject of confidentiality agreements between Coates and these parties. Plaintiffs made these disclosures with complete disregard to the contractual and privacy rights of Coates and third parties.

Upon learning of this action, Coates immediately demanded that Plaintiffs themselves remove their Complaint from the public record and re-file it under seal.

1

Plaintiffs have taken no action to address these legitimate concerns, thus necessitating this motion.

## STATEMENTS OF FACTS

Laura Coates is a legal analyst who appears on CNN. She also hosts a radio show on Sirius XM. At one time she had a contract with Plaintiff LopezTalent for certain management services. That contract was lawfully terminated in August of 2020. In the course of performing fiduciary services for Coates, Plaintiffs came into possession of confidential contractual information owned by Coates. This included the terms of Coates' contracts with CNN and Sirius XM. Also, although Plaintiffs had no involvement with this, Coates had disclosed to Plaintiffs, confidentially, the terms of a book contract with the publisher referenced in the underlying complaint. At all times Coates has abided by the terms of her confidentiality agreements, and any purported information relayed to Plaintiffs prior to the express and lawful termination of the contract was done consistent with the duty of confidentiality.

These contracts have confidentiality provisions, are trade secret and are generally understood to protected proprietary information. See Declaration of Laura Coates. It is well understood in the industry that the terms of media contracts are trade secret and highly confidential. *Id.* Plaintiffs had access to certain of these contracts and thus knew the information was confidential. *Id.*

Nonetheless, Plaintiffs purport to recite the specific, confidential details of these contracts in their Complaint, which they filed publicly and with no attempt

to protect the confidential and trade secret information of Coates and these third parties. In particular, in paragraphs 2 and 27, Plaintiffs purport to recite the compensation details of Coates' book deal. In paragraphs 21, 24 and 26, Plaintiffs purport to recite the compensation details of Coates' agreements with CNN. And in paragraph 22, Plaintiffs purport to recite the compensation details of Coates' agreements with Sirius XM. Plaintiffs did not have to make these disclosures to bring their (unfounded) claims for compensation. Plaintiffs either could have omitted this information from public filings, or they could have filed the Complaint under seal. But they did nothing to protect the rights of Coates and these third parties.

**ARGUMENT**

A court may order a document to filed under seal where appropriate. *Uni-Sys., LLC. v. United States Tennis Ass'n, Inc.,* 2020 WL 8265407, at *8 (E.D.N.Y. July 6, 2020)(granting motion to file exhibits under seal when subject to a confidentiality agreement). The court decides how strong a presumption of access a document deserves with reference to its role in the judicial process. Next, the court will "balance the weight of that presumption, if any, with competing interests, namely, the private interests and concerns of judicial efficiency and law enforcement, to determine whether or not to seal a document." *Cumberland Packing Corp. v. Monsanto Co.,* 184 F.R.D. 504, 506 (E.D.N.Y. 1999).

Here, both public and private interests can be addressed reasonably. The Court should order the Complaint to be temporarily sealed in its entirety, to avoid

3

further damage to Coates and third parties who have legitimate confidentiality and trade secret concerns. Thereafter, a properly redacted Complaint may be made part of the public record, either by agreement or by further Court Order.

## MEET AND CONFER STATEMENT

Immediately upon learning that the Complaint had been filed, and that it violated confidentiality agreements, counsel for Coates contacted Plaintiff's counsel by telephone and email, and raised these concerns. As of the filing of this motion Plaintiff's counsel has not responded.

## CONCLUSION

For all the foregoing reasons Laura Coates respectfully requests the Complaint be removed from the public record and filed under seal in respect of the confidentiality obligations of both parties and the rights of non-parties.

May 19, 2021

/s/Kieran Corcoran
Kieran Corcoran (KC4935)
**STINSON LLP**
1325 Avenue of the Americas
27th Floor
New York, New York 10019
Telephone: 212-763-8491
Email: kieran.corcoran@stinson.com

Keith S. Moheban (MN 216380)
(pro hac vice application in process)
**STINSON LLP**
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1544
Email: keith.moheban@stinson.com
**ATTORNEYS FOR DEFENDANT
LAURA COATES**

4