

June 25, 2021

**BY ECF**

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re:    *LopezTalent Management LLC, et al. v. Laura Coates*
              Case No. 21-cv-02795

Dear Judge Cogan:

Further to the Initial Pretrial Conference Order dated May 18, 2021, the parties submit this joint letter ahead of the Initial Status Conference scheduled for June 30, 2021 at 2:30 p.m.

**I.    Plaintiffs' Brief Description of the Case, Including the Factual, Jurisdictional and Legal Basis for the Claims**

This is a straightforward breach of contract action. Defendant hired plaintiff Josanne Lopez ("Ms. Lopez") to serve as her talent manager pursuant to the parties' agreement dated April 1, 2017. As is standard personal management agreements, Defendant agreed to pay Ms. Lopez 10% of her gross income earned within the entertainment industry during the contractual term. After the initial contractual term expired, the parties' agreement was automatically renewed for an additional three-year period to April 1, 2023.

Defendant, who previously worked as an attorney, had little experience in the entertainment industry (and no experience in television) at the time she connected with Ms. Lopez. She wished, however, to become a legal analyst on a cable news network. Ms. Lopez was instrumental in making Defendant's goal a reality. Ms. Lopez provided invaluable management services to Defendant, which included leveraging her professional network to get Defendant's "foot in the door" and book her on television spots.

Over several years—with the benefit of Ms. Lopez's guidance, coaching and media connections—Defendant's entertainment career flourished and she began to secure increasingly lucrative deals. On the heels of her rising success (and just days after obtaining a book deal), however, Defendant improperly terminated the parties' management

agreement on or about August 12, 2020. Though the agreement was to remain in effect for another two-and-a-half years, Defendant has failed to pay Ms. Lopez since August of 2020.

Plaintiffs allege that Defendant materially breached the management agreement when, among other things, she failed to pay Plaintiffs their contractual compensation.

Plaintiffs invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Defendant is subject to personal jurisdiction in this state pursuant to CPLR § 302.

**II.     Defendant's Description**

Coates anticipates bringing counterclaims for breach of contract, breach of fiduciary duty, intentional infliction of emotional distress, application of the Faithless Servant Doctrine and malicious violation of the duty of confidentiality. Coates hired Lopez to provide services as a manager in support of her successful career in the entertainment industry. In July, 2020, however, Coates learned that Lopez had engaged in a series of disreputable, unprofessional, and possibly illegal actions, purportedly on Coates' behalf. Coates had no advance knowledge of such actions and definitely did not approve of them. Further, Lopez began to recommend that Coates herself engage in disreputable and unprofessional actions.

Upon learning of these unauthorized actions by Lopez that were entirely contrary to Coates' values and ethics, Coates strongly objected and instructed Lopez to stop acting purportedly on her behalf. To the extent that there was a valid and enforceable contract between the parties, Coates terminated the contract for cause. Thereafter, Lopez and LopezTalent initiated this lawsuit on May 18, 2021, and in doing so deliberately and maliciously sought to harm Coates by purporting to disclose specific details of her contracts and compensation in a publicly filed Complaint. Lopez and LopezTalent did so despite knowing that such information is the subject of confidentiality agreements between Coates and CNN and others. They also sought to harm Coates by publishing her purported home address in several places in their pleadings, even though they knew, or should have known, that Coates' address was not public and that publishing it could cause potential harm to Coates and her family. Such action is tortious, but also constitutes a breach of contract to the extent that there was a valid and enforceable contract between the parties. In that event the confidentiality obligations continued even after the contract was properly terminated in 2020.

**III.    Contemplated Motions**

Plaintiffs contemplate moving to dismiss one or more of Defendant's counterclaims, which have not been formally filed at this stage (and the nature of which Plaintiffs cannot discern based on this joint letter alone). Plaintiffs reserve the right to move for summary judgment at the close of discovery.

Page 3 of 3
Hon. Brian M. Cogan
June 25, 2021

    Coates anticipates bringing a dispositive motion.

                                              Respectfully submitted,

                                              /s/ Michelle Fox

cc:     all counsel of record (via ECF)